### HENRY FULLER v. THE STATE.

No. 2622. Decided February 11, 1903.

**Aggravated Assault Upon a Woman—"Kissing Sign."**

Where defendant, who was two or three feet from the prosecutrix, made a kissing sign at her, by puckering up his lips and smacking them, without showing any further intention to lay hands upon and kiss her without her consent, this did not render him guilty of an assault upon her.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander, County Judge.

Appeal from a conviction of aggravated assault upon Grace Dunn, a female; penalty, a fine of $25.

The prosecutrix, Grace Dunn, testified: "The defendant came to the door and stood there talking for a few minutes; he asked where pa and ma were, and then walked over to where I was by the table. The table stood in the northeast corner of the room and was about four feet long and three feet wide. The end was against the north wall; he was standing at the west side of the table about one and a half or two feet from it, and I was standing at the south end of the table but not against it. He was about the middle of the side and I was about the middle of

the end. This was our position when he made the kissing sign; he made it at least twice and may be more than that." Q. "Miss Grace, please show the jury what he did." A. "He made the kissing sign." Q. "Show the jury what he did." [The witness here elevated her face and puckered up her lips and made the noise and movement with them usual in the act of kissing, but moved no other part of her body in any other way than as stated.] "That was all he did; he did not say anything to me at the time. He made no attempt to touch me with his hands or any other part of his body. He made no improper act or remark to me. He had never said anything improper to me. I went out on the porch. It was the back porch."

*Kuteman & McKinney,* for appellant.

*R. B. Hood* and *Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25; hence this appeal.

The only question involved in this case is whether or not the facts show an assault. The prosecutrix, a girl about 14 years of age, was the only eyewitness to the transaction. Appellant, who was a married man, lived a near neighbor, and some intimacy existed between the families; and prosecutrix was in the habit of visiting his house. On the particular occasion appellant called at the house where prosecutrix lived, to return a saw which he had borrowed. Prosecutrix was engaged in sweeping the room. Appellant had some conversation with her, and while she was near a table, sweeping, he walked up to the table, and, as she states, made a "kissing sign at her"—that is, "he puckered his lips and smacked them." That he did this twice, but did not touch her, and made no effort to kiss her or use any violence. She says that she stepped back and said: "Now look what you have caused me to do. I nearly broke ma's specks. If that is the best you can do, you had better go home." The specks were lying on the floor. After this he left, but she states that he came back where she was, and told her to say nothing about it; that it might make trouble. Witness further states that appellant made no improper act or remark to her, and had never said anything improper to her. At the time this occurred he was standing at the side of the table, and she was standing at the end of it. This put them some three or four feet apart. An assault is defined to be "any attempt to commit a battery, or any threatening gesture showing in itself, or by words accompanying it, an immediate intention, coupled with the ability, to commit a battery." If appellant by his acts had manifested any intention at the time to lay hands on prosecutrix and to kiss her without her consent, his acts and conduct would unquestionably have made an assault; but we fail to gather from the statement of what occurred, as contained in the record, that he did

anything at the time showing that he intended to take a kiss without the consent of the prosecutrix. What he did could not be construed into any more than asking prosecutrix to give him a kiss, and even if he had done this, without manifesting some ulterior purpose to use violence to force her to comply with his request, it would not amount to an assault, for there would be lacking the essential element, "showing by his acts and conduct an immediate intention to commit a battery." It may have been, and doubtless was, improper for him to make the "kissing sign" to prosecutrix, as she terms it, or suggest that he would like to kiss her; but this, under the circumstances, did not render him guilty of an assault. Flournoy v. State, 25 Texas Crim. App., 244; Lee v. State, 34 Texas Crim. Rep., 519.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*